Filed 12/2/25  P. v. Thomas CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHELE THOMAS,<br><br>    Defendant and Appellant. | B343935<br><br>Los Angeles County<br>Super. Ct. No.<br>24VWCF00446 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.  Statutory citations are to the Penal Code.

Police officers Antonio Chavez and Michael Jaramillo observed Michele Thomas's car driving at a high rate of speed in a 25 mile-per-hour zone. While following the car, Chavez ran Thomas's license plate and discovered the car's registration had expired about two years earlier. Thomas drove into a drive-through. Once she exited and returned to the street, Chavez turned on his lights behind her. Thomas pulled into the parking lot of a strip mall and parked in a spot.

Chavez approached Thomas and asked for her driver's license. He ran this through the system, and the information confirmed the car's registration was about two years out of date. Chavez decided to impound the car because of the expired registration and because Thomas parked in a private parking lot.

Chavez began to do an inventory search of the car before impoundment. In a backpack on the front seat, Chavez found about $800 cash in varying denominations, empty clear baggies, and a baggie containing what a lab later confirmed to be crystal methamphetamine. In the trunk, he found a scale and a ledger. Chavez placed Thomas under arrest.

An information charged Thomas with possession of methamphetamine for sale. Before her preliminary hearing, Thomas filed a section 1538.5 motion to suppress evidence. She argued the impoundment of her car was unnecessary and therefore the search was unjustified and the fruits should be suppressed. The court denied the motion, finding there was no evidence that the inventory search was pretextual and that it was reasonable to impound the car when it was parked in a private parking lot.

Thomas pleaded no contest to the charge.  The court sentenced her to four days in jail, which she had already served, ten days of community labor, and two years' probation.

Thomas appealed.

We have examined the entire appellate record.  We are satisfied Thomas's counsel fully complied with counsel's responsibilities and no arguable issues exist.  (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

### DISPOSITION

We affirm the judgment.


WILEY, ACTING P. J.


We concur:


VIRAMONTES, J.


UZCATEGUI, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.